**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ALFRED PERRY,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:18-cv-00242-TES-CHW** |
| **WARDEN CLINTON PERRY,** *et al.,* | |
| *Defendants.* | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO
PROVIDE ORDERS**

Plaintiff Alfred Perry, an inmate in Calhoun State Prison in Morgan, Georgia, filed
a 42 U.S.C. § 1983 civil rights action and sought leave to proceed in this action without
prepayment of the required filing fee or security therefor under 28 U.S.C. § 1915(a). *See
generally* [Docs. 1 & 2]. This Court denied the motion to proceed *in forma pauperis* and
dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g)'s three-
strikes rule because federal courts had dismissed at least three of Plaintiff's prior lawsuits
or appeals as frivolous or malicious or for failing to state a claim and Plaintiff did not allege
that he was in imminent danger of serious physical injury. *See* [Doc. 6, at p. 7].
Subsequently, Plaintiff filed four separate motions for reconsideration arguing that this
Court erred in denying his motion to proceed *in forma pauperis* and dismissing his case
based on the three-strikes rule. [Docs. 9, 11, 13 & 14]. This Court denied each of these
motions for reconsideration. [Docs. 12 & 15].

Plaintiff has now filed a new Motion for Reconsideration [Doc. 17], along with a motion requesting that the Court provide him with copies of orders from his previous cases that were counted as strikes against him under the three strikes rule. *See* [Doc. 16]. Plaintiff's newest motion for reconsideration is untimely under Local Rule 7.6 insofar as it was filed more than fourteen days after entry of the order dismissing Plaintiff's complaint. Alternatively, construing the motion as one to alter or amend the judgment, it is also untimely under Fed. R. Civ. P. 59(e), which requires a party to file such motions within 28 days after entry of judgment. Thus, to the extent that he is seeking reconsideration of the order denying leave to proceed *in forma pauperis* and dismissing his case, Plaintiff's motion is untimely.

Moreover, to the extent that Plaintiff is seeking reconsideration of the order denying reconsideration, this Court's local rules prohibit Plaintiff from filing a motion "to reconsider the court's denial or grant of a prior motion for reconsideration." M.D. Ga. Local R. 7.6; *see also Warning v. Bank of N.Y. Mellon*, 562 F. App'x 858, 858-59 (11th Cir. 2014) (per curiam) (affirming the district court's denial of a second motion for reconsideration where "clearly worded local rule" prohibited filing of such motion). Thus, Plaintiff's assertion that the Court must continue to accept and consider his motions for reconsideration is mistaken, as his current and any future motions for reconsideration of the dismissal order will be untimely and Local Rule 7.6 prohibits motions for reconsideration of the Court's orders denying reconsideration.

Therefore, the Court **DENIES** Plaintiff's most recent Motion for Reconsideration [Doc. 17]. Additionally, because this case has concluded and Plaintiff has not identified

any proper basis for the Court to provide him with copies of orders from his previous cases, the Court also **DENIES** Plaintiff's motion to provide him with those orders [Doc. 16].

      **SO ORDERED**, this 7th day of January, 2019.


                        **S/ Tilman E. Self, III**
                        **TILMAN E. SELF, III, JUDGE**
                        **UNITED STATES DISTRICT COURT**