# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ALFRED PERRY,<br><br>*Plaintiff,*<br><br>v.<br><br>WARDEN CLINTON PERRY, *et al.*,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:18-cv-00242-TES |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Alfred Perry, an inmate in Calhoun State Prison in Morgan, Georgia, filed this 42 U.S.C. § 1983 action and sought leave to proceed in this action without prepayment of the required filing fee or security therefor under 28 U.S.C. § 1915(a). *See* [Docs. 1 & 2]. The Court denied the motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(g)'s three-strikes rule because federal courts had dismissed at least three of Plaintiff's prior lawsuits or appeals as frivolous or malicious or for failing to state a claim and Plaintiff did not allege that he was in imminent danger of serious physical injury. [Doc. 6]. Plaintiff subsequently filed five separate motions for reconsideration arguing that the Court erred in denying his motion to proceed *in forma pauperis* and dismissing his case based on the three-strikes rule. [Docs. 9, 11, 13, 14 & 17]. The Court denied each of these motions for reconsideration. [Docs. 12, 15 & 18].

Plaintiff filed a new motion for reconsideration [Doc. 19] in which he asks the Court to modify "the previous order" entered in this case. However, the Court denies this motion as an improper motion for reconsideration of an order denying reconsideration. M.D. Ga. Local R. 7.6 (prohibiting a plaintiff from filing a motion "to reconsider the court's denial or grant of a prior motion for reconsideration"); *see Warning v. Bank of N.Y. Mellon*, 562 F. App'x 858, 858–59 (11th Cir. 2014) (per curiam) (affirming the district court's denial of a second motion for reconsideration where "clearly worded local rule" prohibited filing of such motion).

Alternatively, to the extent that Plaintiff seeks reconsideration of the original order dismissing this case, his motion for reconsideration is untimely. *See* M.D. Ga. Local Rule 7.6 (proving that a party seeking reconsideration must file a motion within fourteen days of the challenged order); *see also* Fed. R. Civ. P. 59(e) (requiring a party to file a motion to alter or amend the judgment within twenty-eight days after entry of the judgment). Therefore, the Court **DENIES** Plaintiff's motion for reconsideration [Doc. 18].

Additionally, the Court notes that Plaintiff's repeated filing of these motions for reconsiderations is in blatant disregard of this Court's Local Rule providing that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. Local Rule 7.6. Accordingly, the Court considers these motions, which unnecessarily prolong this litigation, as abusive of the judicial process, and the Court will not allow Plaintiff's pattern of abuse of the judicial process to continue. The Court gives substantial

weight to a prisoner's right of access to the courts, *see Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam), but that right "is neither absolute or unconditional." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991) (internal quotation marks omitted). And although courts may not construct blanket orders that completely shut the courthouse doors to the overly litigious, they may erect reasonable barriers that protect their Article III duties. *See Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

Thus, the Court now reminds Plaintiff that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice and cautions Plaintiff that if he continues to seek reconsideration of the Court's orders, the Court will impose appropriate sanctions.

**SO ORDERED**, this 6th day of February, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**